LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

RAMON ABREU,
*on behalf of himself, FLSA Collective Plaintiffs and the Class,*

                Plaintiff,

v.

CONGREGATION YETEV LEV D'SATMAR
MEATS & POULTRY, INC.
d/b/a SATMAR MEATS,
SATMAR MEAT OF CONG. YETEV LEV, INC.
d/b/a SATMAR MEATS,
JOHN DOE CORP. 1 d/b/a SATMAR MEATS,
JOHN DOE CORP. 2 d/b/a SATMAR MEATS,
JOHN DOE CORP. 3 d/b/a SATMAR MEATS,
MOSHE BROWN,
BERL FRIEDMAN
and MOSES RETEK,
                Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

---

      Plaintiff, RAMON ABREU, (hereinafter, "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorney, hereby files this Class and Collective Action Complaint against Defendants, CONGREGATION YETEV LEV D'SATMAR MEATS & POULTRY, INC. d/b/a SATMAR MEATS, SATMAR MEAT OF CONG. YETEV LEV.

INC. d/b/a SATMAR MEATS, JOHN DOE CORP. 1 d/b/a SATMAR MEATS, JOHN DOE CORP. 2 d/b/a SATMAR MEATS, JOHN DOE CORP. 3 d/b/a SATMAR MEATS, (the "Corporate Defendants") MOSHE BROWN, BERL FRIEDMAN and MOSES RETEK (each an "Individual Defendant" or, collectively with the Corporate Defendants, the "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid spread-of-hours premium, (3) statutory penalties, (4) liquidated damages, and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, RAMON ABREU, is a resident of Kings County, New York.

6. Defendants operate five meat distributers under the common trade name "Satmar Meats" with addresses as follows:

    (a) 5301 New Utrecht Avenue, Brooklyn, NY 11219;

    (b) 82 Lee Ave, Brooklyn, NY 11211;

    (c) 187 Ross Street, Brooklyn, NY 11211;

(d) 285 Lee Avenue, Brooklyn, NY 11206; and

(e) 684 Myrtle Avenue, Brooklyn, NY 11205

(collectively, "Satmar Meats Distributers"). Defendants operate Satmar Meats Distributers as a single integrated enterprise, with their headquarters located at 163 Rodney Street, Brooklyn, NY 11211. Specifically, Satmar Meats Distributers are engaged in related activities, share common ownership and have a common business purpose. Supplies and employees are interchangeable between Satmar Meats Distributers; Plaintiff and other workers were required to transfer regularly between the above locations as needed.

7. Upon information and belief, Corporate Defendant, CONGREGATION YETEV LEV D'SATMAR MEATS & POULTRY, INC. d/b/a SATMAR MEATS, is a domestic business corporation organized under the laws of New York, with a principle place of business and an address for service of process located at 5301 New Utrecht Avenue, Brooklyn, NY 11219.

8. Upon information and belief, Corporate Defendant, SATMAR MEAT OF CONG. YETEV LEV, INC. d/b/a SATMAR MEATS, is a domestic business corporation organized under the laws of New York, with a principle place of business and an address for service of process located at 82 Lee Ave, Brooklyn, NY 11211.

9. Upon information and belief, Corporate Defendant, JOHN DOE CORP. 1 d/b/a SATMAR MEATS, is a domestic business corporation organized under the laws of New York, with a principle place of business located at 187 Ross Street, Brooklyn, NY 11211.

10. Upon information and belief, Corporate Defendant, JOHN DOE CORP. 2 d/b/a SATMAR MEATS, is a domestic business corporation organized under the laws of New York, with a principle place of business located at 285 Lee Avenue, Brooklyn, NY 11206.

11. Upon information and belief, Corporate Defendant, JOHN DOE CORP. 3 d/b/a SATMAR MEATS, is a domestic business corporation organized under the laws of New York, with a principle place of business located at 684 Myrtle Avenue, Brooklyn, NY 11205.

12. Upon information and belief, Individual Defendant, MOSHE BROWN, is a co-owner and the Chief Executive Officer of the Corporate Defendant, SATMAR MEAT OF CONG. YETEV LEV, INC. d/b/a SATMAR MEATS.

13. Upon information and belief, Individual Defendant, BERL FRIEDMAN, is a co-owner and an executive officer of each of the Corporate Defendants.

14. Upon information and belief, Individual Defendant, MOSES RETEK, is a co-owner and an executive officer of the Corporate Defendant, CONGREGATION YETEV LEV D'SATMAR MEATS & POULTRY, INC. d/b/a SATMAR MEATS.

15. Each of the individual defendants, MOSHE BROWN, BERL FRIEDMAN and MOSES RETEK exercised control over the terms and conditions of the employment of the Plaintiff, FLSA Collective Plaintiffs and Class members. Each had the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment, of Plaintiff, the FLSA Collective Plaintiffs and the Class members. Each also had the power and authority to supervise and control supervisors of Plaintiff, the FLSA Collective Plaintiffs and the Class members.

16. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants. At all relevant times, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

17. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff, FLSA Collective Plaintiffs and Class members their lawfully earned overtime wages in direct contravention of the FLSA and the New York Labor Law.

## FLSA COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees employed by Defendants in New York State on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

19. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs. Specifically, Plaintiff and FLSA Collective Plaintiffs claim that Defendants willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by failing to pay their overtime premium in the lawful amount for hours worked.

20. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

21. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

22. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

23. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

24. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay Class members their proper overtime compensation, (ii) failing to pay Class members their proper spread-of-hours compensation, (iii) failing to provide wage statements to Class members that are in compliance with the requirements of the New York Labor Law, and (iv) failing to provide proper wage and hour notice to Class members, at date of hiring and annually, per requirements of the New York

Labor Law. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

25. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiff in wage and hour cases.

26. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class

members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

27. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

28. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

  a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

  b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

  c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

  d) Whether Defendants provided proper wage statements informing all non-exempt employees information required to be provided on wage statements as required under the New York Labor Law;

e) Whether Defendants provided proper wage and hour notice, at date of hiring and annually thereafter, to all non-exempt employees per requirements of the New York Labor Law;

f) Whether Defendants properly paid Plaintiff and Class members overtime compensation; and

g) Whether Defendants properly paid Plaintiff and Class members spread-of-hours premium.

## STATEMENT OF FACTS

29. In or about August 2012, Plaintiff RAMON ABREU was hired by Defendants to work as a delivery worker and meat packer for Defendants' meat distributer business located at 187 Ross Street, Brooklyn, NY 11211. Plaintiff worked for Defendants until in or about September 2015. He was also periodically transferred to each of the other Satmar Meats locations to work.

30. During his employment with Defendants, Plaintiff was scheduled to work over forty (40) hours per week. He worked more than ten (10) hours each workday.

31. Specifically, throughout his employment, Plaintiff was scheduled to work five (5) days a week, from 8 a.m. to 8 p.m., without any lunch breaks; for a total of sixty (60) hours per week. He was never required to clock in or out. Other FLSA Collective Plaintiffs and Class members worked similar hours.

32. Throughout Plaintiff's employment, he was paid a straight time rate of $9 per hour ($145 in check and the remaining amount by cash), including all hours worked in excess of 40 hours per workweek. Other FLSA Collective Plaintiffs and Class members were similarly compensated at straight time hourly rates, without any overtime compensation.

9

33. During Plaintiff's and Class members' employment with Defendants, despite routinely working more than ten (10) hours per day, Plaintiff and Class members were not paid the proper spread-of-hours premium.

34. During all relevant periods, Plaintiff and Class members did not receive any wage and hour notice from Defendants, as required under the New York Wage Theft Prevention Act.

35. During all relevant periods, Plaintiff and Class members were paid their wages in cash. Therefore, Defendants failed to provide any wage statements to Plaintiff and Class members, as required under the New York Wage Theft Prevention Act.

36. Plaintiff retained Lee Litigation Group, PLLC to represent him, FLSA Collective Plaintiffs and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

37. Plaintiff realleges and reavers Paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

39. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

40. Upon information and belief, at all relevant times, each of the Corporate Defendants had gross revenues in excess of $500,000.

41. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

42. Defendants failed to pay Plaintiff and FLSA Collective Plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

43. Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

44. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs at the statutory rate of time and one-half for his hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

45. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

46. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

47. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

48. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

49. Plaintiff realleges and reavers Paragraphs 1 through 48 of this Complaint as if fully set forth herein.

50. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

51. Defendants willfully violated rights of Plaintiff and Class members by failing to pay them overtime compensation.

52. Defendants knowingly and willfully violated Plaintiff's and Class members' rights by failing to pay the spread of hours premium for each workday that exceeded ten (10) hours.

53. Defendants knowingly and willfully operated their business with a policy of not providing wage and hour notices to Plaintiff and Class members, in violation of the New York Labor Law.

54. Defendants knowingly and willfully operated their business with a policy of not providing wage statements to Plaintiff and Class members, in violation of the New York Labor Law.

55. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants for their unpaid overtime, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §663(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of unpaid spread-of-hours premium due under the New York Labor Law;

e. An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to the New York Labor Law;

h. An award of statutory penalties, and prejudgment and postjudgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: January 18, 2017                  Respectfully submitted,

                                     LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

By:    */s/ C.K. Lee*
         C.K. Lee, Esq.