# LEE LITIGATION GROUP, PLLC
30 EAST 39TH STREET, SECOND FLOOR
NEW YORK, NY 10016
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

Writer's Direct: (212) 465-1188
cklee@leelitigation.com

August 20, 2018

**VIA ECF**
The Honorable Kiyo A. Matsumoto U.S.D.J
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:   *Abreu v. Congregation Yetev Lev D'Satmar Meats & Poultry, Inc., et al.*
              Case No. 17-CV-0272

Dear Judge Matsumoto:

    We are counsel to Plaintiff and write, to respectfully request that the Court approve the parties' settlement agreement pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and dismiss this matter with prejudice. For settlement purposes only, Defendants consent to this submission. Attached hereto as **Exhibit A**, please find the parties' settlement agreement (the "Settlement Agreement").

    The court in *Wolinsky* sets forth the following criteria for determining whether a proposed settlement is fair and reasonable:

> In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations and citations omitted).

    In this matter, the parties have reached a settlement of $25,000, which provides 100% recovery of Plaintiff's back wages. Based on the above criteria, the agreement is fair and reasonable and should be approved by the Court.

**Plaintiff's Range of Possible Recovery**

Plaintiff Ramon Abreu worked for Defendants' "D'Satmar" meat distributor business from approximately August 2012 until approximately September 2015. Plaintiff alleged that during his employment, he worked approximately 60 hours per week and was paid a straight-time rate of $9.00 per hour. However, throughout the process of litigation, Defendants produced payroll records of Plaintiff (including time cards that showed Plaintiff generally worked approximately 38-45 hours each week. Attached hereto as **Exhibit B** are Plaintiff's best-case scenario damage calculations (assuming 45 hours worked each week), which amount to a total of $10,181.25 in alleged back wages owed.

The settlement reached by the parties provides for full, 100% recovery of alleged backwages owed for the Plaintiff, plus attorneys' fees. Plaintiff would run the risk of recovering an amount lesser than the amount being allocated to him in the settlement if he were to continue to litigate the matter. If, for example, Defendants prevailed in demonstrating that Plaintiff worked fewer hours than alleged (even fewer than 45), as shown in payroll records provided by Defendants, Plaintiff's calculations would be even further reduced and Plaintiff would receive a smaller amount that he is receiving now through the settlement, if anything.

**The Settlement Will Enable the Parties to Avoid Anticipated Burdens and Expenses and The Parties Face Serious Litigation Risks**

Plaintiff wishes to avoid the risk of further litigating his claims. There is an inherent risk in going to trial of being unable to establish any liability. A trial on the merits would involve significant risks to Plaintiff because of the fact-intensive nature of proving liability under the FLSA, and in light of the defenses available to Defendants. Plaintiff believes the amount of $25,000 is a fair result, obtaining approximately 100% of alleged back wages owed plus attorney's fees, while eliminating the risks of trial. In fact, continuing the litigation and proceeding to trial would be highly risky to Plaintiff as he would likely receive a smaller amount than what is allocated to him in the settlement.

Plaintiff originally filed his lawsuit as a putative class and collective action and could have potentially received a service award for representing the class. However, continuing to pursue his claims on a class-wide basis would also be significantly risky given the Honorable Lois Bloom's assertions that she "think[s] there's very little chance that Judge Matsumoto will approve a class action" given that there had been no opt-ins to the 216(b) mailing. See attached as **Exhibit C** the transcript from this matter's status teleconference held on May 15, 2018 (9:7-9:10). Given Judge Bloom's assertions on the May 15 conference, continuing to pursue any claims would be significantly risky to Plaintiff.

**The Settlement is a Result of Arm's-Length Negotiation and There is no Possibility of Fraud of Collusion**

The proposed settlement is fair and reasonable because Plaintiff and Defendants were represented by competent and experienced counsel during the litigation and settlement process. There was an exchange of relevant documents and an open sharing of facts and information. The parties negotiated vigorously and were able to reach an agreement in which Plaintiff would receive

100% recovery of alleged backwages owed plus attorneys' fees, , and eliminating the burdens and costs of further litigation.

**The Attorneys' Fees are Fair and Reasonable**

The settlement provides for full recovery for the Plaintiff's alleged backwages owed, and a reasonable fee for Plaintiff's counsel. Pursuant to the settlement reached by the parties, Plaintiff's counsel is to receive $13,000. Attached hereto as **Exhibit D** are Plaintiff's counsels' detailed time records and list of costs, the total of which is greater than the amount being paid to Plaintiff's counsel under the Settlement Agreement.

Plaintiffs' counsel invested significant time and resources into litigating this matter vigorously and are entitled to a reasonable fee. Plaintiff had agreed, upon retaining Plaintiff's counsel, that Plaintiff's counsel may receive a percentage of the full settlement amount negotiated or their lodestar. Given that Plaintiff is receiving 100% recovery of alleged backwages owed, Plaintiff's counsel is entitled to receive a reasonable fee. It is only due to Plaintiff's counsel's vigorous negotiating and litigating, that Plaintiff was able to obtain such a complete recovery.

Plaintiffs' counsel's fees and costs of $13,000 are fair and reasonable given that their lodestar exceeds such amount and given that Plaintiff is receiving 100% recovery of alleged back wages owed, plus a portion of liquidated damages, apart from the legal fees. Such work includes interviewing the Plaintiff, investigating the identity of Defendants, preparing a Complaint, preparing damages calculations, requesting a certificate of default (against a previously named defendant no longer a party to this action), amending the Complaint, Rule 26 call, preparing a submission for the initial conference, preparing for and attending the initial conference, preparing discovery requests, preparing and negotiating a stipulation for conditional collective certification, negotiating and preparing a protective order, engaging in discovery and resolving discovery disputes, preparing for and participating in multiple status teleconferences with the court, negotiating with Defendants' counsel, correspondence with Defendants' counsel, correspondence with the Court, preparing and revising the settlement agreement and Stipulation of Dismissal, and preparing this submission.

Plaintiff's counsels' rates are fair and reasonable and have been routinely approved. "The reasonable hourly rate is what a paying client would be willing to pay." *Imbeault v. Rick's Cabaret Intern. Inc., RCI Entertainment (New York) Inc., Peregrine Enterprises, Inc.*, No. 08 Civ. 5458(GEL), (2009 WL 2482134), citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). Further, "This is determined by reference to rates, 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Imbeault v. Rick's Cabaret Intern. Inc., RCI Entertainment (New York) Inc., Peregrine Enterprises, Inc.*, No. 08 Civ. 5458(GEL), (2009 WL 2482134), citing *Blum v. Stevenson*, 465 U.S. 886, 895 n. 11 (1984).

Plaintiff's Counsel, C.K. Lee, has fifteen years of experience practicing law and has recognized expertise in employment law. Mr. Lee has litigated hundreds of labor law cases, and has argued before the Court of Appeals on FLSA matters. Mr. Lee's hourly rate of $550 has previously been approved in the Second Circuit in similar matters, and his rate is consistent with the prevailing market rates today for a private attorney within the Eastern and Southern Districts of New York with specialized knowledge in employment law. Plaintiffs' Counsel, Anne Seelig, has more than ten

years of experience practicing law and has recognized expertise in employment law. Ms. Seelig's hourly rate of $350 has previously been approved in the Second Circuit in similar matters, and her rate is consistent with the prevailing market rates today for a private attorney within the Eastern and Southern Districts of New York with similar experience and specialized knowledge in employment law. Fourth year associate, Angela Kwon, bills at a rate of $300 per hour. Third year associate, Clara Lam, bills at a rate of $250 per hour. Paralegals, Jasmin Perez and Luis Arnaud, each bill at a rate of $125 per hour, which rate has been approved in this District.

Plaintiff's counsels' fees have routinely and recently been approved in individual settlements where our lodestar, timesheets and the above rates were submitted to the Court. *See Amador v. El Paso Taqueria 1643 Corp., et al.,* No. 15-CV-8878 (SDNY, approved on February 28, 2017); *Acevedo v. La Mesita Restaurant Inc, et al.,* No. 16-CV-6319 (EDNY, approved on February 24, 2017); *Maldonado v. El Aguila Lex, LLC, et al.,* No. 15-CV-9306 (SDNY, approved on February 3, 2017); *Corea v. Lazar Edibles, Inc., et al.,* No. 16-CV-3834 (SDNY, approved on January 4, 2017); *Rojas, et al. v. East-Lex Diner, Ltd., et al.,* No. 15-CV-6195 (SDNY, approved on October 14, 2016).

The hourly rates requested herein have also been approved in numerous class action settlements, which were based on a percentage of the fund calculation, with a lodestar cross check. See *Galvez v. Lucky Pearl LLC, et al., 15 Civ 5177* (S.D.N.Y. 2016); *Solorio v. 142 Mercer Street, LLC, et al.*, 15 Civ. 5817 (S.D.N.Y. 2016); *Mohamed v. Sophie's Cuban Cuisine, Inc., et al.*, No. 14 Civ. 3099 (S.D.N.Y. 2016); *Hernandez v. McGee's Bar & Grill Inc., et al.,* No. 15 Civ. 6067 (S.D.N.Y. 2016); *Corte v. Fig & Olive Founders LLC, et al.*, No. 14 Civ. 7186 (S.D.N.Y. 2015) *Carillo v. 27-39 East 30 Rest. Corp., et al.*, No. 13 Civ. 4491 (S.D.N.Y. 2015); *Sanchez v. JMP Ventures, L.L.C., et al.,* No. 13 Civ. 7264 (GWG) (S.D.N.Y. 2015); *Romero v. La Revise Associates, L.L.C.*, No. 12 Civ. 8324 (GWG) (S.D.N.Y. 2014); *Lin, et al. v. Benihana National Corp., et al.*, No. 10 Civ. 1335 (S.D.N.Y 2014.); *Viafara v. MCIZ Corp., et al.*, No 12 Civ. 7452 (S.D.N.Y. 2014); *Sierra v. Triple J. Associates of Queens, Inc.*, No 12 Civ. 4462 (E.D.N.Y. 2013); *Khamsiri v. George & Frank's Japanese Noodle Rest. Inc., et al.*, No. 12 Civ. 0265 (S.D.N.Y. 2013); *Flores, et al. v. KC 53 LLC, et al.*, No. 12 Civ. 8095 (S.D.N.Y. 2013); *Sanjaya, et al. v. Inakaya USA Inc., et al.*, 12 Civ. 4500 (S.D.N.Y. 2013); *Han v. AB Gansevoort*, No. 11 Civ. 2423 (S.D.N.Y. 2012); *Marte v. Energy Resources*, No. 11 Civ. 2490 (S.D.N.Y. 2012); *Han v. Sterling National Mortgage*, No. 09 Civ. 5589 (E.D.N.Y. 2012); *Amaya v. 166 Park*, No. 11 Civ. 1081 (E.D.N.Y. 2012). In each such action, class counsel was approved for a rate of $550 per hour, however again noting that such approved fees were based on a percentage of the fund method with a lodestar cross check. *But see*, *Gonzalez v. Scalinatella, Inc.*, No. 13 Civ. 3629, among others, in which the hourly rates of LLG counsel and paralegals were reduced.

Additionally, the Honorable Alvin K. Hellerstein, U.S.D.J. specifically stated that the undersigned law firm's rates were reasonable (including $550 per hour for C.K. Lee), in view of counsel's experience and quality of work. See attached as **Exhibit E** the transcript from *Metodio v. Down & Dirty Tacos Meatpacking LLC, et al.,* Case No. 15 Civ. 8754 of the final approval hearing on July 14, 2017 (16:17-17:8). More recently, class counsel was approved for a rate of $650 per hour in *Orellana v. Pio Pio NYC, Inc.,* et al., Index No. 155941/16 (New York Supreme Court), also based on a percentage of the fund method with a lodestar cross check. Although counsel has been approved for higher rates, Plaintiff's counsel is seeking here the rates that have been routinely approved in the Southern and Eastern District.

In view of the foregoing, the parties respectfully request that the Court approve the settlement reached by the parties. We thank Your Honor for considering this matter.

Respectfully submitted,

　*s/ C.K. Lee*
C.K. Lee, Esq.

Encl.