```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
RAMON ABREU,

        Plaintiff,                              **MEMORANDUM & ORDER**

    -against-
                                                17-CV-272(KAM)(LB)
CONGREGATION YETEV LEV D'SATMAR MEATS
& POULTRY, INC., et al.,

        Defendants.
----------------------------------------X
```
**KIYO A. MATSUMOTO, United States District Judge:**

On January 18, 2017, plaintiff Ramon Abreu ("plaintiff") commenced this action by filing a complaint, (ECF No. 1, "Compl." or the "complaint"), against defendants Congregation Yetev Lev D'Satmar Meats & Poultry, Inc., three John Doe Corporations, Moshe Brown, Berl Friedman, and Moses Retek, (collectively, "defendants"), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, the New York Labor Law, and title 12 of the New York Codes, Rules and Regulations. (Compl. ¶¶ 1-2.) Plaintiff filed an amended complaint on July 12, 2017, (ECF No. 13, Am. Compl.), dismissing certain defendants and adding Central Yetev Lev D'Satmar Meat, Inc. ("Satmar Meat") as a defendant. Through stipulations of dismissal, all defendants but Satmar Meat were dismissed from the action. (*See* ECF No. 7, Order Dismissing Parties Pursuant to Fed. R. Civ. P. 41; ECF No. 29, Notice of Voluntary Dismissal.) On November 21, 2017, Magistrate Judge Bloom

issued an order approving the parties' stipulation concerning a conditional collective action certification, pursuant to 29 U.S.C. § 216(b), and approving the issuance of a collective action notice. (ECF No. 33.) However, it appears no additional plaintiffs joined the action. On August 20, 2018, the parties submitted a letter motion (ECF No. 17, "Mot." or the "approval motion"), seeking approval of the parties' settlement agreement ("Settlement Agreement") resolving this action. (*See* Mot. 1; *see also* ECF No. 42-1, Settlement Agreement.)

The court now considers the motion for settlement approval, requesting that the court approve the parties' settlement agreement and stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41. For the reasons set forth herein, the court approves the settlement agreement but reduces the amount of fees awarded to plaintiff's counsel as described herein.

**BACKGROUND**

In his Amended Complaint,[1] plaintiff alleges, *inter alia*, that defendant Satmar Meats, a corporation engaged in the

---

[1] Plaintiff brought this action on January 18, 2017, (ECF No. 1, Compl.), requested a certificate of default on May 5, 2017, (ECF No. 12, Request for Cert. Def.), after defendants failed to answer. Plaintiff subsequently amended his complaint on July 12, 2017 before the Clerk of Court issued a certificate of default. (ECF No. 13, Am. Compl.) Thus, Magistrate Judge Bloom Ordered on July 18, 2017, that no certificate of default should issue in light of the amended complaint. (*See* Docket Order dated July 18, 2017.)

meat distribution business, (Am. Compl. ¶¶ 6-8), employed him as a meat packer and delivery worker from approximately August 2012 through September 2015. (*Id.* ¶ 22.) Plaintiff further alleges that defendant required him to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required under applicable law. (*Id.* ¶ 24-25.)

According to the Amended Complaint, plaintiff typically worked a total of approximately 60 hours per week. (*Id.* ¶ 24.) Plaintiff's regular rate of pay was approximately $9.00 per hour without any overtime compensation. (*Id.* ¶ 25.)

Defendant answered plaintiff's Amended Complaint on September 26, 2017, (*see generally* ECF No. 22, Answer), and the parties subsequently engaged in settlement negotiations. (See Letter Requesting Adjournment of Deadlines, ECF No. 14.) On June 20, 2018, the parties informed the court that they had reached a settlement in principle. (*See* ECF No. 39, Letter Regarding Settlement.)

On August 20, 2018, plaintiff filed the approval motion, which attached the Settlement Agreement as an exhibit. In support of the approval motion, plaintiff attached as an exhibit an invoice setting forth contemporaneous time and billing records from the law firm that represented plaintiff, (ECF No. 43-4, Ex. D, Invoice ("Inv.")), as well as a

3

calculation of counsel's best estimate of plaintiff's maximum recovery allowable under law in this case, (ECF No. 43-2, Ex. B, Wage Calculations), and the Settlement Agreement, (ECF No. 43-1, Ex. A, Settlement Agreement). The calculation attached to the motion asserts that plaintiff's maximum possible recovery is approximately $25,362.50 for alleged overtime violations and violations of the notice requirements of [the New York Labor Law]. (Wage Calculations 3.)

The Settlement Agreement provides, in relevant part, that the parties will settle the action for a total sum of $25,000, of which $13,000 is payable to plaintiff's counsel. (Settlement Agreement ¶ 1.) The remaining $12,000 is payable to plaintiff. (*Id.*) The approval motion indicates that the amount payable to plaintiff's counsel represents attorneys' fees and expenses. (Mot. 1.) Exhibit D to the Motion indicates that plaintiff's counsel incurred expenses of $496.00, consisting of a $400 filing fee, and a $96.00 fee for service of process. (Inv. 1.)

The Settlement Agreement does not include a non-disparagement clause that would limit plaintiff's communication rights under the FLSA. The Settlement Agreement's release provision applies only to "wage and hour claims that were asserted or could have been asserted by Plaintiff against

4

[defendants] in the Action" including all claims brought under the FLSA or New York's Labor Laws and all related derivative benefit claims. (Settlement Agreement ¶ 3.)

**LEGAL STANDARD**

I. *Cheeks* **Review**

Federal Rule of Civil Procedure ("Rule") 41 provides, in relevant part, that:

> Subject to Rules 23(e), 23.1(c), 23.2, and 66 *and any applicable federal statute*, the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A) (emphasis added).

The FLSA is an "applicable federal statute" within the meaning of Rule 41. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). Accordingly, "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect." *Id.* The parties must satisfy the court that their agreement is "fair and reasonable," *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), and where, as here, a proposed settlement includes the payment of attorneys' fees, the court must consider the reasonableness of the fee award. *Id.* at 336 (citing 29 U.S.C. § 216(b) and collecting

5

cases); *see also Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013).

In determining whether to approve a proposed FLSA settlement, relevant factors include "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky* 900 F. Supp. 2d at 335 (citations and internal quotation marks omitted).

Factors weighing against approval include "(1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace." *Id.* at 336 (citation and internal quotation marks omitted). Although not present in the instant proposed settlement, courts have also expressed concern when presented

with onerous confidentiality provisions and overly broad releases in FLSA settlement agreements. *See Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 177-81 (S.D.N.Y. 2015) (discussing courts' treatment of such provisions and finding confidentiality provisions and releases at issue impermissible).

**DISCUSSION**

**I.   Fee Analysis**

In reviewing the record, the court has undertaken a detailed analysis of the attorneys' fees requested in the approval motion. (*See* Mot. 3-4.) The court has also reviewed plaintiff' counsels' invoice, which does not significantly set forth the relevant experience or qualifications of the attorneys or paralegals appearing in the invoice, though minimal relevant information is included in plaintiff's letter motion. (*Id.*)

As noted above and set forth in the Settlement Agreement and approval motion, plaintiff's counsel seeks an award of $13,000 in fees and costs. (Mot. 2; Settlement Agreement ¶ 1.c.) Also as noted above, based on the invoice, it appears that $496.00 of this amount is attributable to costs, and the remainder, or $12,504, is attributable to fees.[2]

---

[2] The settlement agreement does not make clear whether the costs incurred by counsel in this matter should be assessed on the sum payable to counsel, only referring to the $13,000 as "attorneys' fees related to representation of Plaintiff." (Settlement Agreement 1.) However, plaintiffs' counsel characterizes the sum as representing both fees and costs in the instant motion. (Mot. 3.)

7

### A. Reasonableness of Fees Generally

In determining the reasonableness of a requested fee award, "there is a strong presumption that the 'lodestar' amount – that is, the number of attorney hours reasonably expended times a reasonable hourly rate – represents a reasonable fee," though "the court may adjust the fee upward or downward based on other considerations." *Wolinsky*, 900 F. Supp. 2d at 337-38 (collecting cases). Courts determine the reasonableness of an hourly rate on a number of factors, including:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Bogosian v. All Am. Concessions,* No. 06-CV-1633(RRM)(RML), 2012 WL 1821406, at *2 (E.D.N.Y. May 18, 2012) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 186 n.3 (2d Cir. 2008)).

Additionally, in an individual FLSA action (as opposed to a collective or class action) in which the parties settle the

fee through negotiation, the "range of reasonableness" for attorneys' fees is greater than in a collective or class action, though courts must nevertheless carefully scrutinize the settlement, including to ensure that counsel's pecuniary interest "did not adversely affect the extent of relief counsel procured for the client[]." *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08-CV-4377(KAM)(CLP), 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010) and *Cisek v. Nat'l Surface Cleaning, Inc.*, 954 F. Supp. 110, 110-11 (S.D.N.Y. 1997)).

"In recent cases in this district, the court has found hourly rates ranging from $200 to $450 for partners, $100 to $300 for associates and $70 to $100 for paralegal assistants to be reasonable." *Cohetero v. Stone & Tile, Inc.*, No. 16-CV-4420(KAM)(SMG), 2018 WL 565717, at *4 (E.D.N.Y. Jan. 25, 2018) (citations omitted); *accord Hall v. Prosource Techs., LLC*, No. 14-CV-2502(SIL), 2016 WL 1555128, at *12-13 (E.D.N.Y. Apr. 11, 2016) (identifying a range of hourly rates prevailing in this District); *see also Ramos v. Nikodemo Operating Corp.* No. 16-CV-1052(KAM)(JO), slip op. at 21 (E.D.N.Y. Aug. 7, 2017) ("Although the hourly billing rates ranging from $125 per hour for paralegals to $450 per hour for senior partners are somewhat on the high end of fee awards in this district, both are within the

9

range awarded in wage and hour cases in this district." (citing *Hall*, 2016 WL 1555128, at *12-13)); *Lopic v. Mookyodong Yoojung Nakjie, Inc.*, No. 16-CV-4179 (KAM)(CLP), slip op. at 32-33 (E.D.N.Y. Sept. 30, 2017) (surveying cases and noting that hourly rates approved in cases in this district "have ranged from for $300 to $400 for partners, $200 to $300 for senior associates and $100 to $150 for junior associates." (citations omitted)).

B.  **Reasonableness of Plaintiff's Counsel's Hourly Rate**

The court notes that counsel's efforts in this instant action, resulting in a settlement solely on behalf of Abreu, do not appear to have involved any novel or difficult legal questions, nor does this action's prosecution appear to require an unusually high level of skill. (*See* Am. Compl. ¶¶ 30-49 (setting forth causes of action).) Further, there is no indication that this action has precluded counsel from taking on other employment or that the nature of the action or the client imposed significant constraints on counsel. The invoice indicates that the attorney-client relationship began in October of 2016, counsel's representation of plaintiff effectively ended in July of 2018. (*See generally* Inv.)  In the interim, counsel's work involved communication with plaintiff on an as-needed basis but did not involve ongoing legal advice. This

10

work also included amending the Complaint on July 12, 2017, (Am. Compl.), and pursing collective action certification on November 17, 2017, (ECF No. 32), and a certificate of default in this matter, (ECF No. 12, Req. Cert. Def.).  The parties eventually stipulated to a conditional collective-action certification, which Judge Bloom, presiding Magistrate Judge in this action, "so ordered" on November 21, 2017.  (*See* ECF No. 33.)  However, Judge Bloom also expressed doubt as to the motivations of counsel's later pursuit of class-action certification during a May 15, 2018 conference in this matter, given a lack of responses to plaintiff's 29 U.S.C. § 216 notice.  (*See* ECF No. 43-3, Ex. C, Transcript.)  Thus, applying the factors articulated in *Bogosian*, 2012 WL 1821406 at *2, and *Arbor Hill*, 522 F.3d at 186 n.3, the court concludes that the "reasonable hourly rate in this action should generally be within, and not at the top end of, the range of fees awarded in this district." *Cohetero*, 2018 WL 565717, at *4.

The timekeepers in the instant action, together with their position and requested hourly rate, are: (i) Anne Seelig, Esq., counsel, $350; (ii) Angela Kwon, Esq., associate, $300; (iii) Clara Lam, Esq., associate, $250; (iv) Jasmin Perez,

paralegal, $125; and (v) Luis Arnaud, paralegal, $ 125.[3]  (Inv. 1.)

Ms. Seelig has more than ten years' experience practicing law, including in wage and hour cases.  (*Id.* at 3-4.) She requests a rate of $350 for her work in this action, and represents that rate has been previously approved for similar matters within this Circuit.  (*Id.*)  Although the result here is favorable, the court sees no basis to conclude that the instant individual settlement approaches the magnitude or complexity of the high-profile class actions in which the high-end of rates have been awarded.  The court therefore finds that an hourly rate of $350 would be unreasonably high for Ms. Seelig.  The court will instead apply an hourly rate of $300 for her time, which, as discussed above, is on the higher end of hourly rates awarded to partners in this district but is more clearly within the range typically awarded.

Ms. Kwon and Ms. Lam are fourth-year and third-year associates, respectively.  (*Id.*)  Ms. Kwon's requested hourly rate of $300 is excessive for someone with less than four years' experience as an attorney, as she is a midlevel associate and

---

[3] Mr. Lee, named partner of plaintiff's law firm, describes his credentials and supports his requested hourly rate of $550 in the Motion for settlement approval. (Mot. 3-4.)  Mr. Lee, however, is not listed as a timekeeper, and the court will not consider his hourly wage in its reasonableness analysis.

the fee range for senior associates, who have more experience, is $200 to $300, as discussed above. The court will apply an hourly rate of $200 for Ms. Kwon, which is the midpoint of the range of fees typically awarded for associates in this district. Similarly, Ms. Lam's requested hourly rate of $250 is excessive for a junior associate, and the court will also apply an hourly rate of $150 for Ms. Lam, at the high-end of junior associate rates.

Neither the motion for approval of the settlement nor the supplement provides information regarding the experience or qualifications of legal paraprofessionals Jasmin Perez and Luis Arnaud. As noted above, their requested hourly rate of $125 is on the high end of fees typically awarded for paraprofessionals in this district, but nothing in the record suggests that a fee award at the high end is appropriate in this action. (*Id.*) The court will therefore apply an hourly rate of $85 for these timekeepers.

C.  **Reasonableness of Hours Billed**

"For purposes of determining a reasonable fee, the number of hours billed must also be reasonable, and courts should not award fees for 'hours that were excessive, redundant, or otherwise unnecessary to the litigation.'" *Cohetero*, 2018 WL 565717, at *6 (quoting *Hall*, 2016 WL 1555128, at *13); *accord*

13

*Cho v. Koan Med Servs. P.C.*, 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007). Where hours billed are excessive, courts may "set[] forth item-by-item findings concerning . . . individual billing items," *Hall*, 2016 WL 1555128, at *13 (quoting *Lunday v. Cty. of Albany*, 42 F.3d 131, 134 (2d Cir. 1994)), or may opt to "reduce an award by a specific percentage for duplicative, vague, or excessive billing entries." *Id.* (citing *In re Agent Orange Prods. Liab. Litig.*, 818 F.2d 226, 237 (2d. Cir. 1987)).

Here, the invoice indicates that plaintiff's counsel spent 4.6 hours drafting the complaint and preparing damages calculations, and an additional 4.0 hours amending the complaint. (Inv. 4.) Between drafting the complaint and amended complaint, plaintiff's counsel spent 2.8 hours drafting and requesting a certificate of default. (*Id.*) Of course, the certificate of default never issued in light of counsel's decision to amend the complaint shortly after it requested a certificate of default. (*See* July 18, 2017 Docket Order by Judge Bloom.) Thus, 2.8 hours are deducted for drafting and requesting a certificate of default which plaintiff counsel knew or should have known would be rendered moot by the amended complaint.

Additionally, counsel for plaintiff spent at least twenty hours drafting and revising a § 216(b) motion and notice

14

that led to no additional plaintiffs joining the action, as well as 4.3 hours drafting and filing an Amended Complaint. (Inv. 5-8.) Paralegals also spent at least seven hours translating and preparing supporting documents for the § 216(b) motion and notice. (*Id.* at 10-11.) As noted above, the instant action does not involve any novel or difficult legal questions. Accordingly, the court concludes that the twenty hours spent effecting the ultimately unsuccessful, conditional collective action certification, and the 4.3 hours spent amending the complaint, are excessive and will reduce the hours attributable to these tasks by twenty-five-percent, or 6.1 hours of work completed by a junior associate and 1.9 hours of work completed by a paralegal.

Applying this reduction, after deducting 2.8 hours for the certificate of default request, results in a total deduction of 8.9 hours of work completed by a junior associate, and 1.9 hours of work completed by a paralegal. The junior associate's work in this case, for purposes of determining the lodestar, were billed at the rate of $150 per hour, and the corresponding reduction to the lodestar amount is $1,335. Similarly, discounting 1.9 hours of the paralegal's work in this case, billed at the rate of $85 per hour, results in a corresponding

reduction to the lodestar amount of $162, or a total corresponding reduction of $1,497.

The court is satisfied that the remaining hours billed are reasonable and will not apply any reduction to those hours.

**D. Reasonableness of Fee Request**

Applying the aforementioned hourly rates, the court arrives at a lodestar amount of $10,570.00, determined as follows:

| **TIMEKEEPER** | **RATE** | **HOURS** | **TOTAL** |
|---|---|---|---|
| **SEELIG** | $300 | 1.6 | $480.00 |
| **LAM** | $150 | 65.5 | $9,825.00 |
| **KWON** | $200 | 1.5 | $300.00 |
| **PEREZ** | $85 | 6.6 | $561.00 |
| **ARNAUD** | $85 | 10.6 | $901.00 |
| | | Subtotal | $12,067.00 |
| | | Excess Hours Reduction | ($1,497.00) |
| | | **TOTAL** | **$10,570.00** |

The $12,504 fee amount requested here is greater than the lodestar amount of $10,570, and accordingly, the court concludes that plaintiff's counsel's fee request is unreasonable. The court will reduce the award of attorneys' fees to $10,570.

**II. Expenses**

In FLSA actions, "[c]ourts typically allow counsel to recover their reasonable out-of-pocket expenses." *Flores v. Mamma Lombardi's of Holbrook, Inc.*, 104 F. Supp. 3d 290, 316

(E.D.N.Y. 2015) (quoting *Viafara v. Mciz Corp.*, No. 12-CV-7452 (RLE), 2014 WL 1777438, at *15 (S.D.N.Y. May 1, 2014)). Here, plaintiff's counsel has provided documentary support for S496 in claimed costs or expenses in the form of an itemized list of expenses, including a $400 filing fee and $96 process server fee. (Inv. 1.) The court concludes that this support is sufficient and typical of an action of this kind. *See id.* at 316 (referring to ECF No. 155-4 in that action, an itemized list of expenses incurred by counsel in that action, in approving expense reimbursement in an FLSA action). Further, the requested expense reimbursement is reasonable.

**III. Remaining Considerations**

Plaintiff's proposed ultimate recovery of $12,000 is approximately forty-seven-percent of $25,362.00, which represents the maximum recovery plaintiff's counsel estimates plaintiff could achieve through this action. (Wage Calculations 2.) This recovery is unreasonable despite the risks of litigation given the lack of difficult legal issues in the instant action. This percentage reflects counsel's unsuccessful pursuit of collective-action certification in this action, amending the complaint, and pursuing a certificate of default. Reducing counsel's fees and expenses to $11,066, representing $10,972 in fees and $496 in costs, from $13,000 accordingly

increases plaintiff's ultimate recovery to $13,934 or more than fifty-four percent of his maximum estimated recovery. The amount of $13,934 is reasonable.

Upon review, the Settlement Agreement appears to have been reached at arm's-length, and its releases are limited to wage and hour claims that were asserted or could have been asserted by plaintiff in this action. (Settlement Agreement 2.) Finally, there is no provision in the Agreement that would limit plaintiff's ability to make truthful statements about his experience litigating this case. *See Lopez*, 96 F. Supp. 3d at 180 n.65 ("[A non-disparagement clause] must include a carve-out for truthful statements about plaintiffs' experience litigating their case. Otherwise, such a provision contravenes the remedial purposes of the [FLSA] and, in this context, is not 'fair and reasonable.'").

## CONCLUSION

For the reasons set forth above, the court approves the settlement agreement as modified herein and reduces plaintiff's counsel's awarded fees. The court will allow an award of fees in the amount of $10,570.00, costs in the amount of $496, and orders that the remaining $13,934.00 of the settlement amount shall be remitted to plaintiff immediately, to the extent it has not been already. The court will "so order"

an executed stipulation of dismissal that the parties shall file no later than June 26, 2019.

**SO ORDERED.**

Dated:    June 19, 2019
             Brooklyn, New York

/s/
Hon. Kiyo A. Matsumoto
United States District Judge